UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT ROSE, | ) | No. CV 06-01010-VBK |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further hearing.

1  Plaintiff raises one issue, that the Administrative Law Judge
2 ("ALJ") did not properly consider the opinion of his treating
3 physician.
4  The Court also identified a second issue concerning Plaintiff's
5 "past relevant work" ("PRW"), and in a Minute Order dated October 18,
6 2006, ordered the parties to file supplemental briefs. The Court has
7 received and reviewed those briefs. The issue of PRW will be
8 addressed first.
9  In his decision, the ALJ limited Plaintiff to a range of light
10 work, and thus found that he is unable to perform his PRW of plumber,
11 which requires heavy exertion. (See Decision, Administrative Record
12 ["AR"] at 29.) This was, however, not the end of the matter. The ALJ
13 asked the vocational expert ("VE") whether an individual with
14 Plaintiff's residual functional capacity ("RFC") and vocational
15 profile could perform Plaintiff's PRW as a "contractor." Relying on
16 the VE's testimony that such an individual could not perform this
17 occupation as Plaintiff performed it, but could perform it as the
18 occupation exists in the national economy, the ALJ found that
19 Plaintiff retains the RFC to perform his PRW as a "contractor (sales
20 proprietor)" as it is performed in the national economy. (See
21 Decision, AR at 30, and Finding 7.) This finding is erroneous.
22  In Plaintiff's Disability Report Adult he identified his job
23 title as "plumbing contractor," and type of business as "plumber." (AR
24 130.) Plaintiff identified the job he did the longest as "plumber."
25 In describing what he did all day, Plaintiff identified a variety of
26 tasks which all involved physical labor. He stated that he used
27 machines, tools and equipment, in addition to using technical
28 knowledge and skills, and he did write reports and perform duties like

2

1  that. (Id.)  He described extensive lifting and carrying, noting that
2  the heaviest weight he lifted was 100 pounds or more and that he
3  frequently lifted 25 pounds.  He indicated that at times he supervised
4  two people, but stated that he never hired and fired employees.
5  Although he checked "no" in response to the question, "Were you a lead
6  worker?", this would appear to be inconsistent with the fact that he
7  was a sole proprietor.  Indeed, his testimony at the hearing was
8  entirely consistent with the work of a plumber:
9      "Q   Okay.  And what was your job?
10     A   I was a plumbing contractor.
11     Q   Okay.  And how long did you do that?
12     A   For about 22 years.
13     Q   In the last 15 years is that the only type of job you had?
14     A   Yes.
15     Q   Okay.  And as a plumber what did you do, what were your
16         duties?
17     A   I did home residents [sic] repair.  I did new construction.
18         I did remodeling.  That sort of thing.
19     Q   Okay. So it was pretty manual labor --
20     A   Yes.
21     Q   -- is that correct?
22     A   Very much so."
23 (AR 359-360.)
24
25     The VE elicited the following explanation from Plaintiff as to
26 the nature of his work:
27     "Q   Mr. Rose, as a plumbing contractor, did you employ other
28         people to do the hands on work or did you do both the

```
                  contracting and the actual plumbing work?
         A    I did everything.  I was a sole proprietor.
         Q    All right.  At all times?
         A    Yes."
(AR 366.)
```

The VE described Plaintiff's work as a "hybrid job." (AR 366.) Thus, he identified Plaintiff as both a plumber, DOT Code 862381030, work which entails heavy exertion, and also as a "sole proprietor contractor" under DOT Code 182.167-010. (See AR at 367.) That work was described as light in exertion. As Plaintiff performed his occupation, the VE described it as heavy and skilled. (Id.) In response to the ALJ's hypothetical, the VE indicated Plaintiff could not perform any of his PRW as he performed it, but, "could perform the occupation, contractor, as defined by the Dictionary of Occupational Titles." (Id.)

20 C.F.R. §§404.1520(e), (f) identifies the expression "past relevant work" as an operative concept at the fourth step of the sequential evaluation process. The definition of PRW is set forth in §404.1560(b)(1), as, "... work that you have done within the past 15 years, ..." Further assistance is provided in Social Security Rulings ("SSR") 82-61 and 82-62. While Social Security Rulings do not carry the force and effect of law, they are relevant to construe the Social Security Administration's interpretation of its own regulations and the statutes which it is empowered to administer. Under SSR 82-61, three possible alternative tests are set forth for determining whether or not a claimant retains the capacity to perform his or her PRW.
//

The first is described as,

> "Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., 'delivery job,' 'packaging job,' etc."

A second alternative definition is,

> "Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it."

Finally, a third alternative is described as,

> "Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."

In the Ninth Circuit, PRW is defined as not just encompassing a claimant's former job, but his former type of work. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986).

Additional assistance is provided by reference to SSR 82-62, which provides in pertinent part that,

> "The term 'work experience' means skills and abilities acquired through work previously performed by the individual which indicates the type of work the individual may be expected to perform. Work for which the individual has demonstrated a capability is the best indicator of the kind of work that the individual can be expected to do."

The occupation of "contractor (construction)" identified in DOT Code 182.167-010 does not describe Plaintiff's PRW. In particular, this job description states that the contractor "subcontracts specialized craft work, such as... plumbing." It is clear that this does not correspond with Plaintiff's past occupation. There is nothing in the record to indicate that Plaintiff ever had any employees; indeed, the record is clear that he did not. In fact, he did all the manual work himself. It is common knowledge that a plumber must fill out paperwork, such as invoices and purchase orders, and must comply with building codes and the like in performing his physical tasks. But Plaintiff's own self-description of his past work as "plumbing contractor" does not translate into a PRW as a contractor. In effect, the ALJ took Plaintiff's PRW as a plumber, converted it into two separate occupations - plumber and contractor - and then found that although he could not work as a plumber, he could work as a contractor. This is simply word alchemy, without any relationship to Plaintiff's true occupation as a plumber. The fact that Plaintiff described himself in part as a "plumbing contractor" is insufficient to allow the ALJ to elevate his PRW to that of contractor. As the occupation is described in the DOT, and as the Court has already noted, a contractor subcontracts specialized craft work. Plaintiff never did this, which factually distinguishes his case from the case cited to the Court by the Commissioner in her supplemental brief, <u>Andrade v. Secretary of Health and Human Services</u>, 985 F.2d 1045, 1050 (10th Cir. 1993). In that case, the facts as adduced in the record clearly indicate that the claimant did <u>both</u> heavy physical labor and also functioned as a contractor, with employees who performed the heavy labor. The fact that Mr. Andrade

also chose to be "hands on" and do some of the heavy labor involved in construction was relevant to identifying his PRW as, in effect, a hybrid occupation encompassing both the heavy exertional requirements of a laborer, and the light exertional demands of a contractor. Therefore, the ALJ in that case properly found that the claimant both performed actual labor and also discharged all the duties of a general contractor. (Id. at 1051.) The appellate court held that it was within the ALJ's purview to conclude that the claimant "retained the capacity to perform the job of general contractor as that job is generally performed in the national economy." (Id.) The record in this case, however, does not support such a conclusion, although the ALJ similarly attempted to divide Plaintiff's PRW into one which entails heavy exertion (plumber) and one which entails only light exertion (contractor). Without doubt, error was committed at step four, when the ALJ found that Plaintiff, whose RFC allows him to perform light work, could perform past relevant work as a "contractor." Plaintiff was a plumber who characterized himself as sometimes being a plumbing contractor. The point is that the occupation of contractor is defined not by Plaintiff's description of himself, but by the specific requirements and duties, exertional and otherwise, described in the DOT Listings. The Commissioner may not convert Plaintiff's true past occupation into another occupation which Plaintiff never performed. On remand, if the matter gets to step four of the sequential evaluation process, Plaintiff's PRW will be identified as plumber.

The Court will now turn to Plaintiff's stated issue, that the ALJ failed to properly evaluate the opinion on his treating physician, Dr. Byun. Plaintiff principally cites a "Medical Questionnaire" (AR 306-

7

309), which Dr. Byun completed on December 10, 2003. This medical questionnaire must be considered in context of Plaintiff's illness of Waldenstrom's Macroglobulinemia, a form of cancer. (<u>See</u> description at 265-269.) There is no dispute that there are various possible symptoms of this illness, which include fatigue, dizziness, and blurred vision. The Court has carefully reviewed Dr. Byun's treatment notes, reflecting many consultations with Plaintiff, and it is abundantly clear that fatigue, likely from Plaintiff's cancer, has been an ongoing issue throughout his treatment from 2001 to 2004. (<u>See</u> citations to the record at Joint Stipulation ["JS"] p. 8.) Although apparently described at times as mild fatigue, it is also chronic and unremitting. Contrary to the Commissioner's contention, there is no substantial evidence in the record that this fatigue was due to Plaintiff's other severe impairment of Hepatitis C. The citations to the record in the Commissioner's portion of the JS do not in any manner establish this to a medical certainty. Moreover, in relying on the one-time examination of July 16, 2002 by the consultative examiner ("CE"), Dr. Enriquez (<u>see</u> AR at 270-273), the ALJ ignored the chronological record of fatigue which is documented in the record. Clearly, there is no way that a one-time examiner could evaluate the longitudinal effects of weakness or fatigue from Plaintiff's impairment, although Dr. Enriquez did note, on physical examination, that Plaintiff appeared weak, and the ALJ at least acknowledged this in his decision. (<u>See</u> AR at 271, 25.) Despite this, the ALJ's RFC evaluation (<u>see</u> AR at 27, 30, Finding 6) entirely omits any allowance pertaining to Plaintiff's chronic fatigue or weakness, and instead posits that he can perform the full range of light work. This is consistent with the hypothetical question posed by the ALJ to the VE

1  (AR 367). Since the hypothetical question was incomplete, even if
2  Plaintiff did have a past occupation as contractor (which the Court
3  has found he did not), the hypothetical question would not have
4  established his ability to perform even that occupation.
5      The Court also notes that at the first hearing in this matter, on
6  December 15, 2003 (AR 351-354), Dr. Maxwell, a medical expert ("ME"),
7  was present. Because Plaintiff did not appear at that hearing, the
8  record was closed, and the ALJ thereafter dismissed the matter, only
9  to have it reinstated by the Appeals Council. At the hearing held on
10 November 19, 2004 (AR 355-369), no ME was present to testify. It
11 seems to the Court that the assistance of an ME to interpret the
12 medical records, and in particular the chronic and residual effects
13 from Plaintiff's cancer, would be necessary in a new hearing.
14     For the foregoing reasons, the decision of the ALJ is reversed,
15 and the matter is remanded for a new hearing.
16     **IT IS SO ORDERED.**
17
18 DATED: November 15, 2006
19
20                                          /s/
                                    VICTOR B. KENTON
21                                  UNITED STATES MAGISTRATE JUDGE